IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                     Case Nos.:    4:02cr45/RH/GRJ
                                               4:10cv520/RH/GRJ

TYRON CORNELL RICHARDSON

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (doc. 385.) The Government has filed a response (doc. 93) and Defendant filed a reply. (doc. 94.) After a careful review of the record and the arguments presented, it is recommended that the § 2255 motion should be denied.

## **PROCEDURAL BACKGROUND**[1]

Defendant was charged on September 15, 2004 in a fourth superseding indictment with conspiracy to possess with intent to distribute more than five (5) kilograms of cocaine and more than fifty (50) grams of cocaine base ("Count One"); and possession with intent to distribute more than 500 grams of cocaine on a date certain ("Count Two"). (doc. 156.) [2] The alleged conspiracy took place "between on or about

---

[1] Detailed statements of facts describing the offense conduct are set forth in the Statement of Facts in support of the plea agreement (doc. 330) and the Pre-sentence Investigation Report and will be set forth herein only as necessary.

[2] Earlier versions of the indictment named other co-defendants whose cases were resolved before Defendant's apprehension. (*see* docs. 13, 41, 113.)

January 1, 1998, and the date of this Indictment."[3] Defendant left the district and was arrested in Miami, Florida, four years later on April of 2008. (*see* doc. 310; doc. 367 at 64.) Represented by Gary Printy, Defendant entered a plea of guilty on August 7, 2008 before Magistrate Judge William C. Sherrill to Count One of the indictment. (docs. 329–330, 331–332.)

The Presentence Investigation Report ("PSR") was disclosed to the defense on September 15, 2008. (doc. 334.) Initially, Defendant's total offense level was 38 based on a base offense level of 34, and two two-level adjustments for possession of a dangerous weapon and obstruction of justice. (PSR ¶¶ 38–46.) Defendant had two criminal history points and, thus, a criminal history category of II. (PSR ¶ 51.) Based on these calculations, the guideline imprisonment range was 262 to 327 months. Defendant filed numerous written objections to the PSR, including objections to the quantity of powder cocaine attributed to him, the adjustment for a co-conspirator's possession of a firearm, the application of the obstruction of justice enhancement, the lack of acceptance of responsibility adjustment and the calculation of his criminal history. (*see* doc. 335.)

Sentencing was held in two parts. At the first portion of the hearing, the court heard the testimony from three co-conspirators, as well as Special Agent Lou Andris, and Defendant. (doc. 367.) The Court continued the hearing in order to review the

---

[3] The original indictment, returned on October 2, 2002, identified the start date of the conspiracy as January 1, 1999 (doc. 1), but each indictment after that framed the scope of the conspiracy as January 1, 1998 through the date of the indictment. (*see* docs. 13, 41, 113, 156.)

testimony and to prepare to address the objections. (*id.* at 71–72.) At the final sentencing hearing, the Court sustained in part Defendant's objection to drug quantity, resulting in a significantly lowered sentencing range of 168 to 210 months imprisonment. (doc. 363 at 11–12.) The Court overruled Defendant's objection to the gun enhancement, sustained the objection to an obstruction of justice enhancement, overruled the objection to the lack of acceptance of responsibility adjustment and overruled the objection to the scoring of Defendant's criminal history. (*id*. at 13–15.) Defendant was sentenced at the low end of the revised guidelines range to a term of 168 months imprisonment. (doc. 350.)

Defendant appealed, arguing that his sentence was procedurally unreasonable because the district court failed to justify the sentence based on the § 3553(a) factors, and was substantively unreasonable because it was greater than necessary to serve the goals of sentencing when compared to his co-defendants' sentences. (doc. 379 at 1.)[4] The Eleventh Circuit found that the district court had imposed a within-guideline-range sentence in consideration of the § 3553(a) factors that was both procedurally and substantively reasonable, and affirmed. (doc. 379.) The United States Supreme Court denied certiorari on December 7, 2009. (doc. 381.)

In the present motion, Defendant raises six grounds for relief. The Government opposes the motion in its entirety.

---

[4] The co-defendants' sentences ranged from 75 to 292 months imprisonment. Other than Richard Hall, all of the other Defendants received shorter sentences than the sentence received by the Defendant.

## LEGAL ANALYSIS

*General Standard of Review*

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343

(quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n. 14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland, 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). Strickland's two part test also applies to guilty pleas. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Id.* at 59. In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's

performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 585 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious

as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. *See* Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Counsel is not ineffective for failing to preserve or argue a meritless claim. Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Sneed v. Florida Dep't of Corrections, 496 F. App'x 20 (11th Cir. 2012) (failure to preserve meritless Batson claim not ineffective assistance of counsel); Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); Brownlee v. Haley, 306

F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would

have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See* Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239.

**Ground One: Incorrect calculation of criminal history**

The final version of the PSR reflects that Defendant had a criminal history category of II. He was assessed one criminal history point for resisting an officer with violence (PSR ¶ 50) – which he does not contest – and another for a 1997 petit theft charge for which adjudication was withheld and he received one year of probation. (PSR ¶ 48.) Because the Defendant had two criminal history points, and was determined to be untruthful (*see* doc. 363 at 14), he was not eligible to receive the benefit of the safety valve under §§ 5C1.2 and 2D1.1(b)(11) of the Guidelines. The addition of the second criminal history point also resulted in a higher guideline range because it increased his Criminal History Category from I to II.

Defendant now contends that defense counsel was constitutionally ineffective for failing to object to (and/or the sentencing court erred in accepting) the assessment of a criminal history point for his petit theft conviction. Contrary to Defendant's assertion, Counsel did object, and this issue was resolved adversely to Defendant at sentencing. (doc. 363 at 14–15.) Furthermore, binding circuit case law establishes that this criminal history point was properly assessed. *See* Ayuso v. United States, 361 F. App'x 988 (11th Cir. 2010) (prior petty larceny state conviction for which state court withheld adjudication warranted a criminal history point); United States v. Lockman, 993 F.2d 811, 812 (11th Cir. 1993) (prior worthless check prosecution for which defendant pleaded nolo contendere and the state withheld adjudication of guilt warranted a criminal history point) *see also* United States v. Fernandez, 234 F.3d 1345 (11th Cir. 2000) (prior nolo contendere plea where adjudication has been withheld qualifies as a

conviction for purposes of guidelines calculations); United States v. Lockman, 993 F.2d 811 (11th Cir. 1993) (same). The counting of diversionary dispositions such as that resulting from Defendant's petit theft offense is fueled by a policy that "defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency."  *See* U.S.S.G. § 4A1.2, comment. (n. 9).

Defendant now argues, for the first time, that his petit theft offense, should be excluded under § 4A1.2(c)(1) because it was similar to an offense involving an "insufficient funds check." Defendant's reliance upon United States v. Hardeman, 933 F.2d 278 (5th Cir. 1991) does not override the controlling precedent in Eleventh Circuit cited above.  Counsel is not constitutionally ineffective for failing to pursue a meritless issue, *see* Freeman; Lattimore; Brownlee; *supra*.  Furthermore, counsel cannot be faulted if Defendant had additional information available to him that he failed to provide to counsel about this offense.  Thus, this claim is due to be denied.

### *Ground Two: Failure to apply minor role reduction*

Defendant contends that the evidence showed that he was a minor player in the cocaine conspiracy, and as such, he was entitled to a minor role reduction pursuant to guideline § 3B1.2.  Counsel raised this issue at sentencing (doc. 363 at 5) although the argument was not included in his formal written objections. (*see* PSR ¶¶ 84–96; doc. 335.)  The Government opposed the application of the adjustment due to the quantity of drugs the Defendant had been in contact. (doc. 363 at 9–10.)

The commentary to § 3B1.2 makes clear that the determination of mitigating role in the offense "is heavily dependent upon the facts of the particular case."  U.S.S.G. §

3B1.2, comment. (n.3(C)). The defendant has the burden of establishing his role in the offense by a preponderance of the evidence. United States v. Bernal-Benitez, 594 F.3d 1303, 1320 (11th Cir. 2010) (citing United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999)); United States v. Alvarez-Coria, 447 F.3d 1340, 1343 (11th Cir. 2006) (same). The district court must assess all of the facts probative of the defendant's role in his or her relevant conduct in evaluating the defendant's role in the offense. United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002) (quoting Rodriguez De Varon, 175 F.3d at 943).

According to application note 5 to § 3B1.2, a "minor participant" is a participant who is less culpable than most other participants. It is entirely possible for conspiracies to exist in which there are no minimal or minor participants or for which the least culpable participants, for whatever reason, were not indicted. Rodriguez de Varon, 175 F.3d at 944. In any event, the fact that a particular defendant may be the least culpable among those who are actually named as defendants does not conclusively establish that he performed a minor role in the conspiracy. United States v. Zaccardi, 924 F.2d 201, 203 (11th Cir. 1991); United States v. Cacho, 951 F.2d 308 (11th Cir. 1992); United States v. Hernandez, 522 F. App'x 542, 544 (11th Cir. 2013). The court must look to the entire criminal scheme that produced the crime in question and weigh the relative culpability of all participants in that scheme. Rodriguez de Varon, 175 F.3d at 944; United States v. Cataldo, 171 F.3d 1316, 1319 (11th Cir. 1999).

Although the district court did not specifically rule on the issue of the role adjustment, from the record, including the facts set forth in the PSR, and the court's

other rulings, it is evident that the objection would have been overruled. Defendant obtained powder cocaine from various sources, personally converted it to cocaine base, and sold it. (PSR ¶ 31.) He bought kilogram quantities of cocaine on more than one occasion and was "fronted" drugs by other conspirators. (doc. 329 at 4.) Such conduct is not the sort contemplated by a minor role adjustment. In sum, Defendant has not shown his entitlement to relief on this ground.

### *Ground Three: Acceptance of Responsibility Adjustment*

Defendant contends that counsel was constitutionally ineffective because he failed to present evidence to the court that would have ensured that Defendant receive an acceptance of responsibility adjustment. Defendant appears to believe that he was "entitled" to the reduction because he pled guilty and he gave several proffers to law enforcement. The entry of a guilty plea and a proffer standing alone do not automatically entitle a defendant to an acceptance of responsibility adjustment.

Application note 3 to § 3E1.1 provides that a defendant who pleads guilty "is not entitled to an adjustment under this section as a matter of right." A defendant must also truthfully admit "the conduct comprising the offense of conviction and truthfully admitting or not falsely denying any additional relevant conduct." U.S.S.G. § 3E1.1, comment (n.3). In this case, the district court found, based on the testimony it heard, that "Defendant's version of the events is not credible" and that "Defendant has not truthfully admitted all of the conduct that comprises this offense, nor has he truthfully admitted all additional relevant conduct for which he is held accountable." (doc. 363 at 14.) The Court concluded that "[b]ecause the Defendant has falsely denied relevant conduct that

I determine to be true, the Defendant has, therefore, acted in a manner that is inconsistent with acceptance of responsibility." (*id*..) Defendant appears to assert that he was entitled to acceptance of responsibility based on the mere number of proffers he had with law enforcement (four). (*see* doc. 410 at 12.) According to Defendant, more than one or two proffers reveals the "wealth" of the additional ones and that there is a "dissecting process to glean and wean out the truth." The point is that the number of proffers a defendant provides is not dispositive of whether the Defendant should received an acceptance of responsibility adjustment. The standard is whether a defendant has provided a truthful and complete proffer. The Defendant did not do so in this case and because the Court specifically found that he had been untruthful Defendant has not shown his entitlement to relief, and his request for relief on this claim is due to be denied.[5]

### *Ground Four: Breach of Plea Agreement*

Defendant next alleges that the Government breached the plea agreement. The basis for his argument appears to be that the Government took the position that because Defendant was "frivolously" contesting the amount of drugs and the firearms, he had not accepted responsibility. (doc. 367 at 12.) In conjunction with this claim, Defendant attempts to label as untrue statements that were set forth in the "Statement

---

[5] The court notes that Defendant also did not receive the benefit of a substantial assistance motion despite his attempts to cooperate. However, this could be because, during the four years that Defendant was a fugitive from justice, any information he may have been able to provide may have become stale as the Government learned it from other sources. Thus, the lack of a substantial assistance motion is not conclusive proof of Defendant's untruthfulness.

of Facts" supporting his plea agreement, which he signed and acknowledged. (doc. 329; doc. 366 at 12–15; see doc. 385-2 at 9–11.)  Defendant also claims that he was "tricked by subterfuge, manipulation and misrepresentation to enter into the Agreement when he gave truthful information." (doc. 385-2 at 12.)

Defendant was warned during the Magistrate Judge's thorough plea colloquy that the Government would attempt to prove the quantity of drugs attributed to him at sentencing, and that if it was successful in showing he was involved with a greater amount than he admitted, this could jeopardize his acceptance of responsibility. (doc. 366 at 19–20.)  The court also warned Defendant that even if he thought he had provided substantial assistance, if the Government failed to file a substantial assistance motion there was no way to force it to do so. (*id*. at 24.)  And Defendant admitted under oath that there were no deals other than what was contained in the plea agreement. (*id*. at 28–29.)  The plea agreement only provided that the Government agreed to make its opinion known as to the nature and extent of any cooperation. (doc. 330 at 3.)  There is no evidence of any breach of the plea agreement, which agreement was thoroughly explored in open court during Defendant's plea colloquy.  The law is well established that when the Government's actions do not violate the terms of the plea agreement, there is no breach.   United States v. Lewalski, Case No. 11-15595,  2013 WL 4779684, *2 (11th Cir. Sept. 9, 2013) (citing United States v. Forney, 9 F.3d 1492, 1500 n.2 (11th Cir. 1993)). Although Defendant goes to great length in his memorandum to set forth his version of the facts surrounding his drug dealing, the fact that neither the Government nor the Court found Defendant to have provided truthful information about

relevant conduct weighs heavily against a conclusion that Defendant cooperated to the extent that a § 5K1.1 motion would have been warranted.  Thus, Defendant's claim that the Government breached the plea agreement is unsupported and this claim is due to be denied.

### *Ground Five: Application of the firearm adjustment*

Defendant contends that counsel was constitutionally ineffective for failing to "put the adversarial process to the test" with exculpatory evidence about the fact that Defendant did not possess a firearm.  Defendant's firearm adjustment was not based on his personal possession of a firearm, but rather because conspirators Thomas Jones and Richard Hall possessed a firearm. (*see* PSR ¶ 39).

It is well established that a defendant may be subject to a sentence enhancement pursuant to § 2D1.1 for a co-conspirator's firearms possession.  United States v. Otero, 890 F.2d 366, 367 (11th Cir. 1989).   For this to occur, the co-conspirator must be found to have been possessing a firearm in furtherance of the conspiracy, the defendant must have been a member of the conspiracy at the time of the firearms possession, and the possession of the weapon must have been reasonably foreseeable to the defendant.  Otero, 890 F.2d at 367; United States v. Gallo, 195 F.3d 1278, 1281 (11th Cir. 1999); United States v. Carillon-Nyala, 713 F.3d 82, 89 n.5 (11th Cir. 2013); United States v. Villarreal, 613 F.3d 1344 (11th Cir. 2010).  The statement of facts signed and acknowledged by Defendant includes the statement that firearms were seized during a search of a co-conspirator's home during the conspiracy.  Defendant admitted that he knew or assumed that several conspirators had guns. (doc. 367 at 50, 68.) This admission was sufficient to demonstrate that it was

foreseeable a co-conspirator would possess a firearm in furtherance of the conspiracy. Accordingly, contrary to Defendant's view, the fact that Defendant personally did not possess a firearm during the course of the conspiracy does not preclude the application of the two-level enhancement. Defendant therefore is not entitled to relief on this claim.

**Ground Six: Cumulative Errors resulted in non-application of Safety Valve**

Defendant's final claim is that based on the cumulative errors presented throughout this case, he was deprived of eligibility for the safety valve. Because Defendant was ineligible for the safety valve either based on the quantity of his criminal history points regardless of the district court's additional finding that he was untruthful in his testimony, there is no basis for relief on this ground. Defendant asserted in a letter to counsel and to the Court that during the taking of the plea Magistrate Judge Sherrill determined that he was eligible for the safety valve. (*see* doc. 385-3 at 5, 13.) A review of the transcript of the change of plea hearing discloses that Judge Sherrill made no such determination or promise. Defendant's representation otherwise is mistaken, and his request for relief on this ground is due to be denied.

**Conclusion**

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

**Certificate of Appealability**

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 385) should be **DENIED**.

2. A certificate of appealability should be **DENIED**

**IN CHAMBERS** at Gainesville, Florida, this 5th day of November, 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).